*March 28.
JUDGE CABELL_
de_ livered the opinion of the Court.†
It was decided by this Court, in the case of Shelton v. Pollock & Co. 1 Hen. & Munf. 423, that if the Sheriff returns a writ executed, and the name of the appearance bail, but does not return the bail bond, or a copy thereof to the clerk’s office, together with the writ, judgment ought not to be entered against the bail, but against the Sheriff.
In the case at bar, the Sheriff returned with the writ, a writing purporting to1 be a bail bond, but which specifies no sum of money to be paid by the obligor to the obligee; the part of the writing, in which the sum of money intended to be paid is usually inserted, being left entirely blank. And the question is, whether such a writing can be regarded as a good bail bond?
“A bond is a deed, whereby the obligor obliges himself to pay a certain sum of money to another, at a day appointed. If this be all, the bond is called a single one, simplex obligado; but there is generally a condition added, that if the obligor does some particular act, the obligation shall be void, or else to remain in full force.” 2 Black. Com. 340. The obligation to pay money, is then of the essence of a bond, and is, in fact, the only stipulation which the bond contains. But, in the case before us, the stipulation is to pay nothing. Iris no bond; it is a nullity.
Nor can this defect be supplied by the recital in the condition. The condition forms no part of the obligation or bond. It is entirely for the benefit of the obligor; stating matter by which the obligation or bond may be discharged. He may, or he may not comply with it, at bis election. If he be unwilling or unable to comply with the condition, the law intends that the bond shall charge him. But how can this be, when the bond itself is a nullity?
«The counsel for the appellant, endeavoured to assimilate this to those cases, which have been decided according to the principles settled in Russell v. Langstaffe, Doug. 496, and Colles v. Emmett, 1 H. Black. 313, concerning bills of exchange and promissory notes. According to 1hose cases, a man who signs his name to a blank piece of paper, will, under certain circumstances, be considered as giving authority to fill it up with a bill of exchange or promissory note, which he will be bound to pay. But, those cases were decided on a principle totally inapplicable to this. Bills of exchange and promissory notes, are not deeds; and authority to execute them may be given by parol, or inferred from circumstances. But, a bail bond is a deed, which cannot take effect without delivery; and this delivery can only be made by the party himself, or by some attorney legally constituted by deed, for that purpose. Now, the writing in question could not take effect as a bail bond delivered by the appellant hinself; because, being blank as to the sum of money intended to be paid, it was as a bail I bond, a mere nullit.y. Nor could it take effect as a deed to the Sheriff, authorising him to execute a bail bond for the appellant, because it does not even profess to have such object in view.
This case, therefore, cannot be distinguished from that of Shelton v. Pollock & Co.
The Court is of opinion to reverse the *84 judgment and remand the cause to the Superior Court, that it may be sent to the Rules, that it may be proceeded in according to law.

See principal case cited in Rhea v. Gibson, 10 Gratt. 220; Preston v. Hull, 23 Gratt. 614; Penn v. Hamlet. 27 Gratt. 341.

Judge Green absent.